Christian Contreras, Esq. (SBN 330269)
  CC@Contreras-Law.com
Edwin S. Salguero, Esq. (SBN 344820)
  ES@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000 | Fax: (323) 597-0101

Attorney for Plaintiff,
ANNIE VICENTE JUMP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE VICENTE JUMP, an individual, | **CASE NO.: 2:23-cv-8584** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Negligence; |
| | 2. False Arrest / Imprisonment; |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity, COUNTY OF LOS ANGELES, a public entity; DOE LASD DEPUTIES, individuals; and DOES 1-10, inclusive, | 3. Assault & Battery; |
| | 4. Bane Act Violation (Civil Code § 52.1); |
| | 5. Ralph Act Violation (Civil Code § 51.7); |
| | 6. First Amendment Violation – Retaliation for Protected Speech (42 USC § 1983); |
| Defendants. | 7. Fourth Amendment Violation – Excessive Force (42 USC § 1983); |
| | 8. Municipal Liability – Unconstitutional Policy, Custom, or Practice; |
| | 9. Municipal Liability – Failure to Train |

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1.     This is a civil rights action brought by ANNIE VICENTE JUMP, a trans-individual (hereafter referred to using "they/them/theirs" pronouns) in connection with the homophobic/transphobic injuries and unlawful arrest they suffered at the hands of Defendants DOE LASD DEPUTIES on December 7, 2022.

2.     Plaintiff brings this action seeking damages and judicial intervention to rectify the injustice they have suffered and, hopefully, prevent further injustice to them and other members of the LGBTQIA+ Community (hereafter sometimes referred to as the "Queer Community" or "queer people").

## PARTIES

3.     Plaintiff ANNIE VICENTE JUMP (hereinafter sometimes "JUMP") is and was, at all relevant times, an individual residing in the CITY of West Hollywood, State of California.

4.     Defendant LOS ANGELES COUNTY SHERIFF's DEPARTMENT (hereinafter sometimes "LASD") is the sheriff's department for Defendant COUNTY, and LASD is also a separate legal entity.[1]

5.     Defendant COUNTY OF LOS ANGELES (hereinafter sometimes "COUNTY") is a chartered subdivision of the State of California with the capacity to sue and be sued.

6.     At all relevant times, Defendants DOE LASD DEPUTIES were individuals employed as sheriff's deputies with the Defendant COUNTY's Sheriff's Department, acting under color of law and within the course and scope of their employment.

7.     At all relevant times, Defendants DOES 1-10, inclusive, were individuals employed as sheriff's deputies with the Defendant COUNTY's LASD, acting under

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.).

color of law and within the course and scope of that employment.

8.      Plaintiffs do not know of the exact names or titles of the individual Defendants sued fictitiously as DOES 1-10, inclusive. Plaintiffs will seek leave to amend this Complaint to allege such names and titles as that information is ascertained.

9.      Each of the Defendants named herein has caused and is responsible for the unlawful conduct and resulting rights violations to Plaintiff, either by personally participating in the conduct, or acting jointly and in concert with those who did; by authorizing, acquiescing, or failing to take action to prevent or intervene in the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to the rights and wellbeing of Plaintiffs and/or the public, to initiate and maintain adequate supervision and/or training of said actors; and/or, by ratifying the unlawful conduct perpetrated by said actors, all of whom were employees, officials, agents, etc., under their supervision, direction, and control.

10.      Whenever and wherever reference is made in this Complaint to any act by a defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each defendant individually, jointly, and severally. Accordingly, each of the individual defendants is sued in their personal capacities for the harms caused by their acts or omissions, for which Defendant COUNTY is sued on account of its liability for the unconstitutional policies, practices, customs, training failures, etc., that were substantial moving forces behind the individual Defendants' harmful conduct, and/or for subsequent ratification thereof.

## JURISDICTION & VENUE

11.      Plaintiffs' claims arise under 42 U.S.C. § 1983. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

12.      A substantial part of the events giving rise to the claims alleged in this Complaint arose in the City of West Hollywood, County of Los Angeles, California. Venue therefore lies in the United States District Court for the Central District of

1 California, pursuant to 28 U.S.C. § 84(c), 28 U.S.C. § 1391(b)(2).

2   13. All state law causes of action are within six (6) months of Plaintiff's

3 receipt of rejection for all claims lodged with Defendant COUNTY OF LOS

4 ANGELES in compliance with the California Government Tort Claims Act (Cal. Gov.

5 Code §§ 810-996.6).

6       **FACTS COMMON TO ALL CAUSES OF ACTION**

7   14. On December 7, 2022, Plaintiff ANNIE VICENTE JUMP, was viciously

8 attacked and arrested by Defendants DOE LASD DEPUTIES while Defendants DOE

9 LASD DEPUTIES responded to a domestic violence call at the 1100 block of

10 Poinsettia Dr., West Hollywood, CA 90046.

11   15. At around 3:00 p.m. on December 7th, 2022, Plaintiff ANNIE VICENTE

12 JUMP returned home from the grocery store to find multiple LASD DEPUTIES parked

13 outside her building, waiting for the opportunity to catch an open door into the

14 complex. Defendants DOE LASD DEPUTIES approached Plaintiff ANNIE VICENTE

15 JUMP and demanded entry into her building to investigate a domestic violence incident

16 they had responded to at an earlier date, for which they neglected to take the victim's

17 statement.

18   16. Plaintiff ANNIE VICENTE JUMP informed the Defendants DOE LASD

19 DEPUTIES that her neighbor, the suspected victim of domestic violence, was out-of-

20 state and then she asked to see a search warrant. No such warrant was ever produced

21 or obtained. Accordingly, Plaintiff ANNIE VICENTE JUMP expressed that, under the

22 circumstances, she did not consent to the Defendants DOE LASD DEPUTIES'

23 unwarranted entry, and she directed them to call the site's landlord at a number posted

24 nearby.

25   17. Defendants DOE LASD DEPUTIES then grabbed Plaintiff ANNIE

26 VICENTE JUMP and pulled her out of the doorway to force entry, slamming Plaintiff

27 ANNIE VICENTE JUMP to the ground and causing her head to bounce against the

28 wall in the process.  Two days prior, Plaintiff ANNIE VICENTE JUMP had criticized

1  LASD negligence in responding to domestic violence incidents at her building during
2  public comments at a West Hollywood City Council meeting. In fact, one of the
3  arresting Defendants DOE LASD DEPUTIES recognized her by this criticism.

4      18.    Despite Plaintiff ANNIE VICENTE JUMP not resisting arrest at any
5  point, about ten LASD DEPUTIES tightly handcuffed and hog-tied her at the ankles,
6  before placing her face-down in the street outside the building. Following the arrest,
7  Plaintiff ANNIE VICENTE JUMP was taken to the hospital to receive medical care
8  for the head and restrained-related injuries she received.  Plaintiff ANNIE VICENTE
9  JUMP continues to suffer intense headaches, neck pain, and severe mental and
10  emotional distress related to her public arrest, wrangling, and humiliation by
11  Defendants DOE LASD DEPUTIES.

12      19.    As a result of their public brutalization, Plaintiff ANNIE VICENTE
13  JUMP has suffered and continues to suffer severe mental and emotional anguish,
14  including but not limited to feelings of shame and powerlessness, disillusionment with
15  the justice system, fear of law enforcement, and PTSD in the form of sleep disturbance
16  and severe anxiety and depression, among other harms.

17      20.    Moreover, Plaintiff ANNIE VICENTE JUMP is a trans-individual who
18  uses they/them pronouns. Throughout the described events, Defendants DOE LASD
19  DEPUTIES repeatedly and knowingly misgendered Plaintiff ANNIE VICENTE
20  JUMP, demonstrating homophobic/transphobic animus amid their failure to intervene
21  in the unlawful arrest of Defendants DOE LASD DEPUTIES. Many transgendered
22  people, like PLAINTIFF ANNIE VICENTE JUMP, moved to West Hollywood
23  specifically to escape this manner of mistreatment.

24      21.    Accordingly, each of Defendants DOE LASD DEPUTIES conducted
25  themselves with willful and conscious disregard for Plaintiff ANNIE VICENTE
26  JUMP's rights, safety, and wellbeing, thereby subjecting Plaintiff ANNIE VICENTE
27  JUMP to cruel and unjust hardship, in a manner that was malicious and oppressive as
28  defined by Cal. Civ. Code § 3294, entitling Plaintiff ANNIE VICENTE JUMP to

**COMPLAINT FOR DAMAGES**

recover both punitive and compensatory damages to deter future misconduct by the example of Defendants' punishment.

## FIRST CLAIM FOR RELIEF

### FOR NEGLIGENCE

**(By Plaintiff against All Defendants)**

10.     Plaintiff realleges and incorporates by reference each of the forgoing and subsequent paragraphs of this Complaint with the same force and effect as if fully set forth herein.

11.     The present Claim For Relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as public employees, the individual Defendants DOE LASD DEPUTIES, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2, the Defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. *See Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

12.     Plaintiff ANNIE VICENTE JUMP claims they were harmed by the negligence of Defendants DOE LASD DEPUTIES.

13.     As sheriff deputies, Defendants DOE LASD DEPUTIES owed a basic duty of reasonable care to all people with whom they interact and, more importantly, professional duties to uphold the law and to protect and serve the public. Defendants DOE LASD DEPUTIES breached these duties when they unlawfully harmed and arrested PLAINTIFF ANNIE VICENTE JUMP by using excessive force which was objectively reasonable under the circumstances.

14.     The vicious and baseless beating by Defendants DOE LASD DEPUTIES and subsequent arrest by Defendants DOE LASD DEPUTIES, were the exclusive causes of Plaintiff ANNIE VICENTE JUMP's injuries and rights deprivations, which include but are not limited to widespread bruising and whiplash to Plaintiff ANNIE

VICENTE JUMP's head, neck, and body; and the severe mental and emotional anguish Plaintiff ANNIE VICENTE JUMP has suffered and continues to suffer as a result of the traumatizing experience, including but not limited to feelings of shame and powerlessness, disillusionment with the justice system, fear of law enforcement, and PTSD.

15. Further, Defendants have demonstrated willful and conscious disregard for Plaintiff ANNIE VICENTE JUMP's rights and wellbeing, thereby subjecting Plaintiff ANNIE VICENTE JUMP to cruel and unjust hardship. Accordingly, Defendants' conduct was malicious and oppressive under Cal. Civ. Code § 3294, entitling Plaintiff ANNIE VICENTE JUMP to recover both punitive and compensatory damages to deter future misconduct by the example of Defendants' punishment.

## SECOND CLAIM FOR RELIEF
### FOR FALSE IMPRISONMENT / ARREST
**(By Plaintiff against All Defendants)**

16. Plaintiff realleges and incorporates by reference each of the forgoing and subsequent paragraphs of this Complaint with the same force and effect as if fully set forth herein.

17. The present Claim For Relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as public employees, the individual Defendants DOE LASD DEPUTIES, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2, the Defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. *See Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

18. Plaintiff ANNIE VICENTE JUMP alleges that Defendants DOE LASD DEPUTIES wrongfully arrested and imprisoned them without a warrant or probable cause to do so otherwise.

**COMPLAINT FOR DAMAGES**

19.    Indeed, Defendants DOE LASD DEPUTIES physically restrained and confined Plaintiff ANNIE VICENTE JUMP against their will, without a warrant or probable cause for doing so otherwise.

20.    No warrant was ever issued for Plaintiff ANNIE VICENTE JUMP's arrest. Likewise, under the totality of the circumstances, no probable cause existed for their arrest, in lieu of a warrant, because Plaintiff ANNIE VICENTE JUMP had not violated any law when they did not consent for Defendants DOE LASD DEPUTIES to enter her building.

21.    The vicious and baseless arrest by Defendants DOE LASD DEPUTIES, were the exclusive causes of Plaintiff ANNIE VICENTE JUMP's injuries and rights deprivations, which include but are not limited to bruising and whiplash to the head, neck, and body of Plaintiff ANNIE VICENTE JUMP and the severe mental and emotional anguish Plaintiff ANNIE VICENTE JUMP has suffered and continues to suffer as a result of the traumatizing experience, including but not limited to feelings of shame and powerlessness, disillusionment with the justice system, fear of law enforcement, and PTSD.

22.    Further, Defendants have demonstrated willful and conscious disregard for Plaintiff ANNIE VICENTE JUMP's rights and wellbeing, thereby subjecting Plaintiff ANNIE VICENTE JUMP to cruel and unjust hardship. Accordingly, Defendants' conduct was malicious and oppressive under Cal. Civ. Code § 3294, entitling Plaintiff ANNIE VICENTE JUMP to recover both punitive and compensatory damages to deter future misconduct by the example of Defendants' punishment.

### THIRD CLAIM FOR RELIEF
### FOR ASSAULT & BATTERY
### (By Plaintiff against All Defendants)

23.    Plaintiff realleges and incorporates by reference each of the forgoing and subsequent paragraphs of this Complaint with the same force and effect as if fully set forth herein.

24.     The present Claim For Relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820, as public employees, the individual Defendants DOE LASD DEPUTIES, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2, the Defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment. *See Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

25.     Plaintiff ANNIE VICENTE JUMP alleges that Defendants DOE LASD DEPUTIES intentionally made harmful and offensive physical contact with Plaintiff ANNIE VICENTE JUMP's person.

26.     As previously established, the force used by Defendants DOE LASD DEPUTIES was not objectively reasonable or necessary to effect a lawful arrest, to defend human life, nor to apprehend a fleeing felon under California law. Moreover, Plaintiff ANNIE VICENTE JUMP did not at any point explicitly or implicitly consent to, nor assume the risk of, the particular physical contact(s) by Defendants DOE LASD DEPUTIES with their person when Defendants DOE LASD DEPUTIES unlawfully arrested Plaintiff ANNIE VICENTE JUMP.

27.     The vicious and baseless mistreatment by Defendants DOE LASD DEPUTIES and subsequent arrest by Defendants DOE LASD DEPUTIES, were the exclusive causes of Plaintiff ANNIE VICENTE JUMP's injuries and rights deprivations, which include but are not limited to bruising and whiplash to the head, neck, and body of Plaintiff ANNIE VICENTE JUMP and the severe mental and emotional anguish Plaintiff ANNIE VICENTE JUMP has suffered and continues to suffer as a result of the traumatizing experience, including but not limited to feelings of shame and powerlessness, disillusionment with the justice system, fear of law enforcement, and PTSD.

///

**COMPLAINT FOR DAMAGES**

28.     Further, Defendants have demonstrated willful and conscious disregard for Plaintiff ANNIE VICENTE JUMP's rights and wellbeing, thereby subjecting Plaintiff ANNIE VICENTE JUMP to cruel and unjust hardship. Accordingly, Defendants' conduct was malicious and oppressive under Cal. Civ. Code § 3294, entitling Plaintiff ANNIE VICENTE JUMP to recover both punitive and compensatory damages to deter future misconduct by the example of Defendants' punishment.

### FOURTH CLAIM FOR RELIEF

**FOR VIOLATION OF THE TOM BANE CIVIL RIGHTS ACT**

**(Cal. Civ. Code § 52.1)**

**(By Plaintiff against All Defendants)**

29.     Plaintiff realleges and incorporates by reference each of the forgoing and subsequent paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30.     The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820, as well as Cal. Civ. Code § 52.1 (the "Bane Act"). Under Section 820, as public employees, the individual Defendants DOE LASD DEPUTIES, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2, the defendant public entity, COUNTY, is vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of their employment. *See Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

31.     The Bane Act authorizes a private right of action for damages by any person whose constitutional rights are violated by use of threats, intimidation, or coercion. Importantly, Section 52.1 serves as an analogous state-law basis for vindicating rights guaranteed under the United States Constitution, namely excessive force, retaliation, and unreasonable seizure claims. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-6 (9th Cir. 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same

as under § 1983.")); *Bender v. Cnty. of L.A*., 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate, and excessive force—is [] within the protection of the Bane Act").

32.   As previously set forth, Defendant DOE LASD DEPUTIES intentionally used or allowed force of a manner and degree that was objectively unnecessary and unreasonable, to effect an unlawful arrest, thereby interfering with the exercise and enjoyment of Plaintiff ANNIE VICENTE JUMP's civil rights, including but not limited to their freedom of association, assembly, and expression (U.S. Const. amend. I, and Cal. Const. Art I § 7); freedom from unreasonable seizure and excessive force (U.S. Const. amend. IV, and Cal. Const. Art. I § 13); rights to due process and equal protection of and before the law (U.S. Const. amend. XIV; and Cal. Const. Art. I § 7); and the right to protection from undue restraint, threat, or harm to life, liberty, privacy, and property (Cal. Const. Art. I § 1).

33.   The vicious and baseless mistreatment by Defendants DOE LASD DEPUTIES and subsequent arrest by Defendants DOE LASD DEPUTIES, were the exclusive causes of Plaintiff ANNIE VICENTE JUMP's injuries and rights deprivations, which include but are not limited to bruising and whiplash to the head, neck, and body of Plaintiff ANNIE VICENTE JUMP and the severe mental and emotional anguish Plaintiff ANNIE VICENTE JUMP has suffered and continues to suffer as a result of the traumatizing experience, including but not limited to feelings of shame and powerlessness, disillusionment with the justice system, fear of law enforcement, and PTSD.

34.   On account of the retaliatory nature of the arrest itself, the egregiously disproportionate level of force used relative to the minor pretextual bases therefor, and the homophobic/transphobic rhetoric present throughout, Defendants DOE LASD DEPUTIES specifically intended to interfere with the exercise and enjoyment of Plaintiff ANNIE VICENTE JUMP's civil rights by their use of threats, intimidation, and coercion.

**COMPLAINT FOR DAMAGES**

35.     In sum, Defendants have demonstrated willful and conscious disregard for Plaintiff ANNIE VICENTE JUMP's rights and wellbeing, thereby subjecting Plaintiff ANNIE VICENTE JUMP to cruel and unjust hardship. Accordingly, Defendants' conduct was malicious and oppressive under Cal. Civ. Code § 3294, entitling Plaintiff ANNIE VICENTE JUMP to recover both punitive and compensatory damages to deter future misconduct by the example of Defendants' punishment; in addition to a civil penalty of $25,000, a multiplier of damages including a treble damages, and the reasonable amount of the attorneys' fees and costs under Cal. Civ. Code § 52.1.

## FIFTH CLAIM FOR RELIEF

### FOR VIOLATION OF THE RALPH ACT

### (Cal. Civ. Code § 51.7)

### (By Plaintiff against All Defendants)

36.     Plaintiff realleges and incorporates by reference each of the forgoing and subsequent paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37.     The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820, as well as Cal. Civ. Code § 51.7 (the "Ralph Act"). Under Section 820, as public employees, the individual Defendants DOE LASD DEPUTIES, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2, the defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of their employment. See *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

38.     Plaintiff ANNIE VICENTE JUMP alleges that Defendants DOE LASD DEPUTIES committed an act of violence against them due to their perceived sex, gender, sexuality, political affiliation, disability, and/or other protected classification in violation of the Ralph Act. Importantly, a discriminatory motivation under the Ralph Act need not amount to conscious "hatred" to be actionable. See *Ventura v. ABM*

1  *Industries Inc.* (2012) 212 Cal.App.4th 258, 269.

2  39.     As previously set forth, Defendants DOE LASD DEPUTIES exhibited

3  baseless hostility and contempt for Plaintiff ANNIE VICENTE JUMP's rights, safety,

4  and wellbeing at every point throughout their interaction. Despite possessing neither a

5  warrant nor probable cause for arrest otherwise, Defendants DOE LASD DEPUTIES

6  viciously and relentlessly mistreated and arrested Plaintiff ANNIE VICENTE JUMP

7  in retaliation for a simple and harmless act of protected speech in an effort to exercise

8  their right against unlawful seizures and warrantless entry.

9  40.     On account of the retaliatory nature of the arrest itself, the egregiously

10  disproportionate level of force used relative to the minor pretextual bases therefor, and

11  the homophobic/transphobic rhetoric present throughout, Defendants DOE LASD

12  DEPUTIES conduct can, at best, only be characterized as particularly contemptuous

13  and/or callous towards Plaintiff ANNIE VICENTE JUMP's gender identity, sexuality,

14  and, as later shown, their disability. At worst, Defendants DOE LASD DEPUTIES

15  conduct demonstrates, and was motivated by, a conscious hatred for queer people

16  and/or people with disabilities, among others. In either case, Defendants DOE LASD

17  DEPUTIES conduct falls squarely within the prohibitions of the Ralph Act and reflects

18  their remarkable unfitness for work in law enforcement.

19  41.     The vicious and baseless mistreatment by Defendants DOE LASD

20  DEPUTIES and subsequent arrest by Defendants DOE LASD DEPUTIES, inclusive,

21  were the exclusive causes of Plaintiff ANNIE VICENTE JUMP's injuries and rights

22  deprivations, which include but are not limited to bruising and whiplash to the head,

23  neck, and body of Plaintiff ANNIE VICENTE JUMP and the severe mental and

24  emotional anguish Plaintiff ANNIE VICENTE JUMP has suffered and continues to

25  suffer as a result of the traumatizing experience, including but not limited to feelings

26  of shame and powerlessness, disillusionment with the justice system, fear of law

27  enforcement, and PTSD.

28  ///

42.     In sum, Defendants have demonstrated willful and conscious disregard for Plaintiff ANNIE VICENTE JUMP's rights and wellbeing, thereby subjecting Plaintiff ANNIE VICENTE JUMP to cruel and unjust hardship. Accordingly, Defendants' conduct was malicious and oppressive under Cal. Civ. Code § 3294, entitling Plaintiff ANNIE VICENTE JUMP to recover both punitive and compensatory damages to deter future misconduct by the example of Defendants' punishment; in addition to a civil penalty of $25,000, treble damages, and the reasonable amount of the attorneys' fees and costs under Cal. Civ. Code § 51.7.

## SIXTH CLAIM FOR RELIEF

### FOR FIRST AMENDMENT VIOLATION - RETALIATION AGAINST PROTECTED SPEECH

### (42 USC § 1983)

**(By Plaintiff against Defendants DOE LASD DEPUTIES)**

43.     Plaintiff realleges and incorporates by reference each of the forgoing paragraphs in this Complaint with the same force and effect as if fully set forth herein.

44.     The present claim for relief is brought under 42 U.S.C. § 1983. Pursuant to Section 1983 and all other relevant case law and precedent, the individual defendant officers are liable for civil rights violations committed under color of law.

45.     Plaintiff ANNIE VICENTE JUMP alleges that Defendants DOE LASD DEPUTIES retaliated against them for an act of protected speech in clear and well-established violation of their freedom of expression under the First Amendment to the United States Constitution, within the course and scope of Defendants' employment by Defendant COUNTY as an LASD DEPUTIES and, at all times relevant, while acting under color of law.

46.     The unlawful mistreatment and arrest inflicted by DOE LASD DEPUTIES would undoubtedly chill a person of ordinary sensibilities from exercising or continuing to exercise their right to criticize matters of public concern. Plaintiff ANNIE VICENTE JUMP's exercise of this right was a substantial motivating factor

in Defendants DOE LASD DEPUTIES targeted attack and arrest of Plaintiff ANNIE VICENTE JUMP, as the entire encounter transpired in response to Plaintiff ANNIE VICENTE JUMP's speech act, and their continued arrest by Defendants DOE LASD DEPUTIES likewise proceeded therefrom. No probable cause existed by which to alternatively explain or justify Plaintiff ANNIE VICENTE JUMP's arrest. Indeed, the pretextual offense(s) with which Plaintiff ANNIE VICENTE JUMP was charged was dismissed or never filed on account of their baselessness.

47.     Accordingly, Defendants DOE LASD DEPUTIES committed clearly established constitutional violations, which were or reasonably should have been known as such by a peace officer in his same position, thereby causing Plaintiff ANNIE VICENTE JUMP to suffer severe physical, mental, and emotional anguish in all the manners previously set forth.

48.     Further, as previously set forth, Defendants conducted themselves maliciously, oppressively, and with reckless disregard for Plaintiff ANNIE VICENTE JUMP's rights, safety, and wellbeing, entitling Plaintiff ANNIE VICENTE JUMP to recover both punitive and compensatory damages in order to deter such misconduct by the example of Defendants' punishment, in addition to the reasonable amount of attorney's fees and costs incurred in bringing this action under 42 USC § 1988.

## SEVENTH CLAIM FOR RELIEF

## FOR FOURTH AMENDMENT VIOLATION -

## EXCESSIVE FORCE

## (42 USC § 1983)

### (By Plaintiff against Defendants DOE LASD DEPUTIES)

49.     Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50.     The present claim for relief is brought under 42 U.S.C. § 1983. Pursuant to Section 1983 and all other relevant case law and precedent, the individual defendant officers are liable for civil rights violations committed under color of law.

51.     Plaintiff ANNIE VICENTE JUMP alleges that Defendants DOE LASD DEPUTIES used excessive force to arrest them in clear and well-established violation of the Fourth Amendment to the United States Constitution, within the course and scope of Defendants DOE LASD DEPUTIES employment by Defendant COUNTY as an LASD DEPUTIES and, at all times relevant, while acting under color of law.

52.     As previously set forth, the force used by Defendants DOE LASD DEPUTIES was not objectively reasonable or necessary to effect a lawful arrest, to defend human life, nor to apprehend a fleeing felon. Moreover, Plaintiff ANNIE VICENTE JUMP did not at any point resist the unlawful arrest in such a manner as to justify Defendants DOE LASD DEPUTIES brutality. Under the same or similar circumstances, no reasonable officer would have used force of the manner and to the extent as that used by Defendants DOE LASD DEPUTIES against Plaintiff ANNIE VICENTE JUMP. As such, Defendants DOE LASD DEPUTIES use of force was not reasonably necessary under the circumstances and was, therefore, excessive.

53.     Accordingly, Defendants DOE LASD DEPUTIES committed clearly established constitutional violations, which were or reasonably should have been known as such by a peace officer in his same position, thereby causing Plaintiff ANNIE VICENTE JUMP to suffer severe physical, mental, and emotional anguish in all the manners previously set forth.

54.     Further, as previously set forth, Defendants DOE LASD DEPUTIES conducted themselves maliciously, oppressively, and with reckless disregard for Plaintiff ANNIE VICENTE JUMP's rights, safety, and wellbeing, entitling Plaintiff ANNIE VICENTE JUMP to recover both punitive and compensatory damages in order to deter such misconduct by the example of Defendants DOE LASD DEPUTIES punishment, in addition to the reasonable amount of attorney's fees and costs incurred in bringing this action under 42 USC § 1988.

///

///

**COMPLAINT FOR DAMAGES**

**EIGHTH CLAIM FOR RELIEF**

**FOR MUNICIPAL LIABILITY –**

**UNCONSTITUTIONAL POLICY, CUSTOM, OR PRACTICE**

**(42 USC § 1983)**

**(By Plaintiff against Defendant COUNTY)**

55.     Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

56.     The present claim for relief is brought pursuant to 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant statutory and case law under which Defendant COUNTY and its LASD DEPUTIES are liable for the unconstitutional acts and/or omissions of their employees, agents, or representatives, i.e., the individual defendants, due to the unconstitutional policies, customs, and/or practices that were of substantial moving force behind the subject conduct.

57.     As set forth in the forgoing causes of action, Defendants DOE LASD DEPUTIES committed clear and well-established violations of constitutional rights guaranteed to Plaintiff ANNIE VICENTE JUMP, within the course and scope of their employment by Defendant COUNTY as LASD DEPUTIES, under color of law.

58.     Defendant COUNTY and its LASD DEPUTIES, acting with deliberate indifference to the rights, liberties, and welfare of the public in general, and of persons in Plaintiff's class, situation, and comparable position, have knowingly adopted, enforced, or maintained policies, customs, and/or practices of:

   A. Allowing Defendants DOE LASD DEPUTIES to pretextually arrest civilians engaged in the exercise of constitutional rights as a means of interrupting such exercises;

   B. Allowing Defendants DOE LASD DEPUTIES to wield their authority to detain and/or arrest civilians arbitrarily and capriciously, seizing civilians out of personal spite or disdain;

   C. Employing and retaining Defendants DOE LASD DEPUTIES and other

personnel, including Defendants DOES 1-10, who Defendant COUNTY and its LASD DEPUTIES knew or reasonably should have discovered to have a high propensity for abusing their authority, mistreating civilians, and failing to follow department policies respecting the rights of the public and interactions with civilians;

D. Inadequately hiring, training, supervising, assigning, retaining, and disciplining LASD employees, including Defendants DOE LASD DEPUTIES, who Defendant COUNTY and LASD knew or reasonably should have known to be perpetrators of unlawful and/or unconstitutional conduct, allowing such misconduct to go partially or totally unaddressed;

E. Maintaining grossly inadequate procedures for reporting, investigating, overseeing, disciplining, and correcting intentional misconduct by LASD employees, including Defendants DOE LASD DEPUTIES;

F. Consistently ratifying the intentional misconduct of LASD employees in public statements and/or subsequent internal "investigations," thereby cultivating a sense of official impunity within the LASD conducive to pervasive misconduct;

G. Encouraging, accommodating, or facilitating a "code of silence" among LASD employees, including Defendants DOE LASD DEPUTIES, pursuant to which false reports are generated and abuses of power are routinely covered up;

H. Transferring, moving, and/or relocating problem officers to other stations, divisions, positions, and/or to other local municipal agencies altogether, to essentially "bury," ignore, dilute, hide, spread, etc., these problem actors, along with their incidents of misconduct, evading internal, disciplinary, and other investigations in the process;

I. Allowing mistreatment of suspects, arrestees, detainees, and inmates in custody, to allow officers to pursue membership and/or status in one of the

18

various gang-like, renegade cliques that are well-known to exist within the LASD, as well as participating in and/or perpetuating the acknowledgement, allure, and attainment of such membership and notoriety;

J.  Allowing law enforcement personnel to encourage, intimidate, and compel others to "work in gray," or maintain a "code of silence" or "blue code," regarding unconstitutional abuses in order to insulate law enforcement from accountability, attract and recruit problematic individuals to law enforcement, and improperly or expeditiously promote problem actors into positions of authority within law enforcement, among various other abuses of power and breaches of duty not expressly specified herein.

59.    The vicious and baseless mistreatment by Defendants DOE LASD DEPUTIES and subsequent arrest by Defendants DOE LASD DEPUTIES, were the exclusive causes of Plaintiff ANNIE VICENTE JUMP's injuries and rights deprivations, which include but are not limited to bruising and whiplash to the head, neck, and body of Plaintiff ANNIE VICENTE JUMP and the severe mental and emotional anguish Plaintiff ANNIE VICENTE JUMP has suffered and continues to suffer as a result of the traumatizing experience, including but not limited to feelings of shame and powerlessness, disillusionment with the justice system, fear of law enforcement, and PTSD.

60.    The expressly adopted policies and/or widespread, well-known, and longstanding customs or practices set forth above, constitute standard operating procedures within Defendant COUNTY's LASD, which have directly precipitated the pervasive use of unreasonable and/or excessive force, among other rights violations, against suspects, detainees, arrestees, prisoners, and the general public at an unignorable and unacceptable scale, not least of which resemble the egregious constitutional violations suffered by Plaintiff ANNIE VICENTE JUMP.

61.    Defendant COUNTY and its LASD, and individual supervisory officials thereof, whether named or unnamed, had either actual or constructive knowledge of

the unconstitutional policies, practices, and/or customs set forth herein. Despite this knowledge, Defendant COUNTY, by and through officials with final policymaking authority, did condone, tolerate, and ratify such policies, customs, and practices, and have shown deliberate indifference to the foreseeable effects and consequences of these policies, customs, and practices with respect to the civil rights and wellbeing of the present Plaintiff, other individuals similarly situated, and the general public.

62.    Accordingly, the policies, practices, and/or customs implemented, maintained, or still tolerated by Defendant COUNTY and its LASD, or final policymakers thereof, are so inextricably connected to the unconstitutional conduct to which Plaintiff ANNIE VICENTE JUMP has been subjected as to be the substantial moving force behind it. Therefore, Defendant COUNTY is directly liable for all causes of actions alleging rights violations by its employees, agents, or representatives, i.e., Defendants DOE LASD DEPUTIES.

## NINTH CLAIM FOR RELIEF

### FOR MUNICIPAL LIABILITY – FAILURE TO TRAIN

### (42 USC § 1983)

### (By Plaintiff against Defendant COUNTY)

63.    Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64.    The present claim for relief is brought pursuant to 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant statutory and case law under which Defendant COUNTY and its LASD are liable for the unconstitutional acts and/or omissions of their employees, agents, or representatives, i.e., the individual defendants, due to the unconstitutional training failures that were of substantial moving force behind the subject conduct.

65.    As set forth in the forgoing causes of action, Defendants DOE LASD DEPUTIES committed clear and well-established violations of constitutional rights guaranteed to Plaintiff ANNIE VICENTE JUMP, within the course and scope of their

employment by Defendant COUNTY as LASD DEPUTIES, under color of law.

66.     The training of Defendants DOE LASD DEPUTIES by Defendant COUNTY and its LASD has not adequately instilled the necessary discipline, restraint, competence, and respect for civil rights required of armed law enforcement personnel. In particular, the training of Defendants DOE LASD DEPUTIES respecting protected speech, criminal procedure, and use of force under the First and Fourth Amendments to the United States Constitution, is manifestly inadequate.

67.     The critical need for discipline, restraint, and competence on the part of law enforcement was and is, or reasonably should have been, well-known to Defendant COUNTY and its LASD at this point. The modern proliferation of public attention paid to rights violations by law enforcement has rendered the consequences of such training inadequacies unignorable and undeniable, especially with respect to marginalized communities.

68.     Despite the resounding need for improved or further training, both in general and with respect to Defendants DOE LASD DEPUTIES in particular, Defendant COUNTY has allowed, if not encouraged, a culture of deliberate indifference to the rights and wellbeing of the public to develop within its LASD, thereby substantially causing the present Plaintiff, and countless others like them, to suffer extensive and irreversible violations of their civil rights in all the manners set forth herein.

69.     On account of the forgoing state of affairs in the LASD, Defendant COUNTY has shown a conscience-shocking level of deliberate indifference to the manifest, systemic consequences of the referenced training failures and other departmental shortcomings. These training failures directly produced the incompetence and impropriety of Defendants DOE LASD DEPUTIES.

70.     Accordingly, the training failures of Defendant COUNTY and its LASD are so inextricably connected to the unconstitutional conduct to which Plaintiff ANNIE VICENTE was subjected as to be of substantial moving force behind it. Therefore,

**COMPLAINT FOR DAMAGES**

1  Defendant COUNTY is directly liable for all causes of actions alleging rights violations

2  by its employees, agents, or representatives, i.e., DOES 1-10.

3  **PRAYER FOR RELIEF**

4      **WHEREFORE**, Plaintiff requests entry of judgment in their favor, and against

5  Defendants, as follows:

6      1. For compensatory damages including but not limited to physical, mental, and

7         emotional pain and suffering; past, present, and future related medical

8         expenses; and past, present, and future losses in income and/or earning

9         capacity, in amounts to be determined according to proof at trial;

10      2. For punitive damages against the individual defendants in an amount to be

11         determined according to proof at trial;

12      3. For a multiplier of damages, including treble damages, pursuant to Cal. Civ.

13         Code §§ 52.1 and 51.7;

14      4. For reasonable attorneys' fees and costs pursuant to 42 USC 1988, Cal. Civ.

15         Code § 52.1 and 51.7, in an amount to be determined according to proof at

16         trial;

17      5. For additional civil penalties of $25,000 each, as separately authorized under

18         both Cal. Civ. Code §§ 52.1 and 51.7;

19      6. For interest;

20      7. For all other damages allowed under state law; and

21      8. For such further relief as the Court may deem proper and just.

22  **Dated: October 11, 2023**      **LAW OFFICES OF CHRISTIAN CONTRERAS**

                                **A PROFESSIONAL LAW CORPORATION**

23

24

25                     By:

26                     CHRISTIAN CONTRERAS

                   EDWIN S. SALGUERO

27                     Attorney for Plaintiff,

                   ANNIE VICENTE JUMP

28

22

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims for relief alleged herein.

Dated: October 11, 2023          LAW OFFICES OF CHRISTIAN CONTRERAS
                                 A PROFESSIONAL LAW CORPORATION


By: _____
CHRISTIAN CONTRERAS
EDWIN S. SALGUER
Attorney for Plaintiff,
ANNIE VICENTE JUMP

**COMPLAINT FOR DAMAGES**